UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | : |
| Plaintiffs | : |
| v. | : Case No.: 1:14-cv-00700-GBL-JFA |
| ALFRED POPP, | : |
| Defendant. | : |

## ANSWER TO AMENDED COMPLAINT

COMES NOW, the Defendant, ALFRED POPP ("Popp" or "Defendant"), by and through its counsel of record, hereby answers Plaintiff's Amended Complaint ("Amended Complaint"), filed on or about October 17, 2014, Docket No. 12, on the grounds and praying for the relief hereinafter set forth. The enumerated paragraphs of the Amended Complaint are admitted, denied, or answered as follows:

### Introduction

1.  Paragraph 1 is introductory in nature and requires no response.

2.  Denied.

3.  Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

### Jurisdiction and Venue

4.  Admitted.

5.  Defendant has insufficient knowledge to admit or deny the allegations set forth in regards to geolocation technology, and therefore denies them. Defendant denies all allegations of copyright infringement or that Defendant committed any tortious conduct.

6.	Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

7.	Defendant admits that he resides in the Commonwealth of Virginia and this District, and therefore venue is proper. All other allegations contained in paragraph 7 are denied.

### **Parties**

8.	Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

9.	Admitted.

### **Factual Background**

10.	Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

11.	Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

12.	Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

13.	Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

14.	Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

15.	Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

16.	Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

17. Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

18. Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

19. Denied.

20. Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

21. Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

22. Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

23. Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

24. Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

25. Denied.

26. Admitted.

27. Defendant has insufficient knowledge to admit or deny the allegations in regards to what Plaintiff "knew," and therefore denies them. The remaining allegations in the paragraph are denied.

28. Defendant has insufficient knowledge to admit or deny the allegations in regards to IPP"s actions, and therefore denies them. The remaining allegations in the paragraph are denied. Defendant did not even have an IP address supplied by his current internet service provider until October 2013, at the very earliest.

29. Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

30. Denied.

31. Denied.

32. Admitted.

33. Defendant admits that he legally owns on DVD Star Wars Episode III: Revenge of the Sith. Defendant has insufficient knowledge to admit or deny the remaining allegations set forth in this paragraph, and therefore denies them.

34. Admitted.

35. Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

36. Denied.

## Miscellaneous

37. Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

38. Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

## COUNT I
## Direct Infringement Against Defendant

39. Except as expressly answered above, Popp denies each and every allegation of Paragraph 39 of the Amended Complaint.

40. Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

41. Denied.

42.     Defendant denies distributing any of Plaintiff's works.

43.     Denied.

44.     Denied

## **AFFIRMATIVE DEFENSES**

Popp asserts the following affirmative defenses to Plaintiff's Amended Complaint. By designating the following defenses as affirmative, Popp does not concede that he bears the burden of proof with respect to any such defense and does not intend to alter the burden of proof on such matters to the extent the burden rests on Plaintiff.

1.      The Amended Complaint fails to state claims upon which relief may be granted, as Plaintiff admits in paragraph 21 of the Amended Complaint that its third party agent downloaded only one bit of a digital file, in some instances, which is a small fraction of the file size for any of the copyrighted works allegedly infringed upon in the Amended Complaint.

2.      The Amended Complaint is barred by the doctrine of copyright misuse. Specifically, Plaintiff's use of its copyrights violates public policy as Plaintiff appears to seek to obtain its principal revenue through litigation rather than through its monthly service fee of $19.99 which allows users to download one (1) copy of any number of videos.

3.      The Amended Complaint is barred by the doctrine of unclean hands as Plaintiff's use of its copyrights violates public policy.

4.      The Amended Complaint is barred because the thirty two (32) listed and allegedly copyrighted works under Exhibit A of the Amended Complaint (the "Works") lack sufficient similarity to the one of more bits of a copyrighted work identified in paragraph 21 of the Amended Complaint.

5.      The Amended Complaint is barred by the doctrine of copyright abandonment as Plaintiff

failed to send a notice under 17 U.S.C. § 512(c)(3)(A)(i-vi) to the online service provider hosting the hash files identified under Exhibit B of the Amended Complaint.

6. The Amended Complaint is barred as the Works lack minimal creativity given the substance of the Works and variance between them.

7. The Amended Complaint is barred in whole or in part by the doctrine of estoppel as Plaintiff waited nearly nine (9) months after realization that one or more of its Works had been infringed to seek relief for said infringement, and because Plaintiff failed to send a notice under 17 U.S.C. § 512(c)(3)(A)(i-vi) to the online service provider hosting the hash files identified under Exhibit B of the Amended Complaint.

8. Any recovery is limited or barred because Plaintiff failed to mitigate its damages by failing to send a notice under 17 U.S.C. § 512(c)(3)(A)(i-vi) to the online service provider hosting the hash files identified under Exhibit B of the Amended Complaint.

9. Popp reserves the right to amend and allege additional affirmative defenses under Fed. R. Civ. P. 8(c), based on discovery or any other factual investigation of the case.

WHEREFORE, having fully answered all allegations in Plaintiff's Amended Complaint, Defendant respectfully requests and prays as follows:

   A. That the Amended Complaint be dismissed with prejudice;

   B. For an award of Popp's attorneys' fees and costs of suit; and

   C. For other such relief as this Court may consider just and proper.

                                            Respectfully submitted,

                                            By Counsel:

                                            McClanahan Powers, PLLC

                                              /s/ Dirk McClanahan        .

>Dirk McClanahan, Esq.
>McClanahan Powers, PLLC
>VA Bar No. 81208
>1604 Spring Hill Rd., Ste. 321
>Vienna, VA 22182
>Phone: (703) 520-1326
>Fax: (703) 828-0205
>Email: dmcclanahan@mcplegal.com
>*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

>By: /s/ Dirk McClanahan            .
>Dirk McClanahan