UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | CASE NO. 1:14-cv-00700-GBL-JFA |
| Plaintiff, | |
| v. | |
| ALFRED POPP, | |
| Defendant. | |

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Plaintiff Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(f), moves for the entry of an order striking six of the eight affirmative defenses asserted by Defendant Alfred Popp ("Defendant"), and states as follows:

I.   **INTRODUCTION & PROCEDURAL BACKGROUND**

Plaintiff commenced this copyright infringement action against Defendant on June 23, 2014 [CM/ECF 1], and filed an amended complaint on October 21, 2014, through which it alleges that Defendant has copied and distributed thirty two (32) of Plaintiff's copyrighted works, all without Plaintiff's consent [CM/ECF 12]. Plaintiff asserts a claim for direct copyright infringement, and requests that (i) Defendant delete and permanently remove, and be enjoined from continuing to infringe, Plaintiff's copyrighted works and (ii) Plaintiff be awarded its statutory damages and reasonable attorneys' fees and costs pursuant to 17 U.S.C. §§ 504–05 [CM/ECF 12].

On November 25, 2014, Defendant filed his answer, generally disclaiming knowledge regarding the majority of Plaintiff's allegations and asserting eight (8) affirmative defenses, the

1

vast majority of which fail as a matter of law [CM/ECF 15]. For purposes of the instant motion, and as set forth below, Plaintiff now moves under Rule 12(f) to strike six of Defendant's eight so-called affirmative defenses: the defenses of (1) failure to state a claim; (2) copyright misuse; (3) unclean hands; (4) copyright abandonment; (5) unenforceability of copyright; and (6) failure to mitigate damages.

## II.  MEMORANDUM OF LAW

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Well established Fourth Circuit precedent recognizes a number of particular circumstances in which affirmative defenses should be stricken pursuant to Rule 12(f) as "insufficient," "immaterial," and "impertinent." First, an affirmative defense should be stricken when it is merely a defense or denial and not actually an affirmative defense,[1] as is the case with the purported affirmative defense of failure to state a claim upon which relief may be granted. *See, e.g.*, *Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*, 752 F. Supp. 2d 721, 727 (W.D. Va. 2010) (striking the purported affirmative defense of "failure to state a cause of action," recognizing that same "[is] not [an] affirmative defense[ ] at all"). Second, affirmative defenses must be stricken when they comprise of no more than bare-bone conclusory allegations in violation of the federal rules' liberal pleading requirements. *See, e.g.*, *id.* (striking affirmative defenses that "are devoid of factual support that would make them contextually comprehensible"); *Francisco v. Verizon South, Inc.*, 2010 WL 2990159, *8 (E.D. Va. 2010) ("Each of the above-listed defenses will be stricken because they fail to meet the *Twombly-Iqbal* pleading standard. Each is too conclusory to provide fair notice to the plaintiff, and each fails to contain a factual basis entitling it to be assumed true."). Finally,

---

[1] "An affirmative defense is 'a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true.'" *U.S. v. Stevens*, 771 F.Supp.2d 556, 565 (D. Md. 2011) (citing Black's Law Dictionary 482 (9th ed. 2009)).

a court "may strike a[n affirmative] defense that is clearly insufficient as a matter of law." *Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 335 (D. Md. 2012) (citing *Hanzlik v. Birach*, 2009 WL 2147845, *3 (E.D. Va. 2009)).

## A. First Affirmative Defense (Failure to State a Claim)

Defendant's first affirmative defense is that Plaintiff's amended complaint "fails to state claims upon which relief may be granted." [CM/ECF 15]. This is so, Defendant suggests, because Plaintiff's "third party agent downloaded only one bit of a digital file, in some instances, which is a small fraction of the file size for any of the copyrighted works allegedly infringed upon in the Amended Complaint." [*id.*] As a preliminary note, Defendant's first affirmative defense should be stricken as incoherent and nonresponsive since Plaintiff's amended complaint actually alleges that Defendant had "copied and distributed the constituent elements" of Plaintiff's copyrighted works. [CM/ECF 12]. In other words, Defendant's first affirmative defense merely repeats Plaintiff's allegations and in no way supports a finding that Plaintiff has insufficiently alleged a cause of action for direct copyright infringement. Even if it were otherwise, Fourth Circuit precedent instructs that Defendant's first affirmative defense should nevertheless be stricken as "insufficient" and "impertinent" since it is not actually an affirmative defense at all. Indeed, Plaintiff's first affirmative defense is nothing more than a denial that the Defendant downloaded the entirety of the thirty two copyrighted works at issue.[2] *Accord Odyssey Imaging, LLC*, 752 F. Supp. 2d at 727 (striking a virtually identical affirmative defense under similar circumstances and recognizing that same "[is] not [an] affirmative defense[ ] at

---

[2] The Court should note that Defendant's argument reflects a fundamental misunderstanding as to how BitTorrent works. As courts have explained, the nature of the BitTorrent protocol is that infringers download each movie piecemeal. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 13-C-0213, 2013 WL 5876192, *1–2 (E.D. Wis. Oct. 31, 2013) ("When a person uses BitTorrent to download a file, such as a movie, the person usually will not obtain a full copy of the movie from one other computer. Instead, the user will obtain pieces of the movie from multiple computers in the swarm. Once the user has obtained all the pieces, the BitTorrent computer program, which is running on the user's computer, assembles the pieces into a completed file, allowing the user to view the [entire] movie. [S]omeone who starts downloading a movie intends to watch the movie, and thus the person will likely download the full movie.");

all"); *see also Cheney v. Vitro Am., Inc.*, 2010 WL 512581, *1 (W.D. Va. 2010) (noting that failure to state a claim is not an affirmative defense, but is instead a basis upon which to file a motion to dismiss).

### B. Second Affirmative Defense (Copyright Misuse)

As his second affirmative defense, Defendant states that Plaintiff's claims are "barred by the doctrine of copyright misuse." [CM/ECF 15]. This doctrine, which the Fourth Circuit has noted is engulfed with much uncertainty, is intended to prevent abuse of the Copyright Act's public policy of promoting the progress of science and arts. *See Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 973–75 (4th Cir. 1990). The defense applies when a copyright is used in a manner that "unduly restrains competition" and generally can succeed only when the copyright owner has "engaged in some form of anti-competitive behavior." *Thomas M. Gilvert Architects, P.C. v. Accent Builders & Developers, LLC*, 629 F. Supp. 2d 526, 536–37 (E.D. Va. 2008); *see also Costar Grp., Inc. v. Loopnet, Inc.*, 164 F. Supp. 2d 688, 708 (D. Md. 2001) ("Basically, this defense is an assertion that the copyright holder is using his copyright 'to secure an exclusive right or limited monopoly not granted by the Copyright Office and which it is contrary to public policy to grant.'" (citing *Lasercomb*, 911 F.2d at 977)). The defense is "rarely asserted" in response to a claim of copyright infringement. *See id.*

Here, Defendant claims that a copyright misuse affirmative defense is viable, yet Defendant does not and cannot allege that Plaintiff has engaged in any anti-competitive behavior or otherwise seeks to secure an exclusive right or limited monopoly not authorized by the Copyright Office. To the contrary, Defendant premises his copyright misuse affirmative defense on his belief that "Plaintiff appears to seek to obtain its principal revenue through litigation rather than through its monthly service fee[s]...." Even if Defendant's baseless assertion were correct (and it absolutely is not), this would not be a viable ground to support a copyright misuse defense; that

4

Defendant for some reason believes that it is inequitable and against public policy for him to have to incur litigation expenses for *unlawfully* accessing Plaintiff's copyrighted works when other people who *lawfully* access Plaintiff's copyrighted works are able to do so for far cheaper through payment of monthly service fees plainly does not and cannot support a copyright misuse defense.  Defendant's second affirmative defense must be stricken with prejudice.  *Cf. Thomas M. Gilbert Architects*, 629 F. Supp. 2d at 536–37 ("No court, however, has found, as the Defendants here urge, copyright misuse based on a copyright [or copyright infringement action] being overpriced or too expensive.  While it is true that a misuse of copyright defense is viable outside of anti-trust violations, the notion that a defendant may infringe a copyright because it finds the owner's price too expensive [or because it expects copyright litigation to be cheap] is terribly misguided, if not absurd.").

### C. Third Affirmative Defense (Unclean Hands)

Defendant's third affirmative defense is that "[t]he Amended Complaint is barred by the doctrine of unclean hands as Plaintiff's use of its copyrights violates public policy."  This is all Defendant says about his third affirmative defense; Defendant makes no effort to explain how Plaintiff has unclean hands or why Plaintiff's use of its presumptively valid copyrights could even plausibly violate public policy.  The Court should strike this affirmative defense for being insufficiently pled, as it is totally devoid of any factual support to make it contextually comprehensible.  *Accord Odyssey Imaging, LLC*, 752 F. Supp. 2d at 727, *Francisco*, 2010 WL 2990159 at *8.[3]

---

[3] Although some decisions have declined to adopt the majority position that the *Twombly*/*Iqbal* pleading standard applies to affirmative defenses, these cases still concur that an affirmative defense must give fair notice to the defendant of its factual basis.  Accordingly, because Defendant's third affirmative defense does not in any way indicate how Plaintiff has unclean hands or why Plaintiff's use of its presumptively valid copyrights could even plausibly violate public policy, there is inadequate notice, and Defendant's third affirmative defense fails even under this line of cases.  *Accord, e.g.*, *Grant v. Bank of America, N.A.*, No. 2:13-cv-342, 2014 WL 792119, *3 (E.D. Va.

### D. Fifth Affirmative Defense (Copyright Abandonment)

Defendant's fifth affirmative defense, which alleges copyright abandonment in light of Plaintiff's failure "to send a notice under 17 U.S.C. § 512(c)(3)(A)(i–iv)" fails (and must be stricken) for a number of reasons and first and foremost because neither this Court nor the Fourth Circuit has ever recognized copyright abandonment as a viable affirmative defense to a copyright infringement action. Even assuming that the defense were recognized, cases discussing the defense make clear that a copyright abandonment "must be manifested by some overt act *indicative of a purpose to surrender the rights and allow the public to copy.*" *E.g.*, *McIntosh v. Northern California Universal Enters. Co.*, 670 F. Supp. 2d 1069, 1099 (E.D. Cal. 2009) (citing *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960)). Here, of course, Plaintiff's purported "failure" to send a statutory notice in no way indicates Plaintiff's desire to surrender its copyrights. Moreover, nothing in 17 U.S.C. § 512(c)(3)(A)(i–vi) makes sending a statutory notice a condition precedent to maintaining a copyright infringement lawsuit, and undersigned is not aware of any cases holding otherwise. Consequently, even assuming that a copyright abandonment affirmative defense is recognized in the first place, it is plainly not viable under the instant facts and as alleged by Defendant. The Court should strike this affirmative defense with prejudice.

### E. Sixth Affirmative Defense (Copyright Unenforceability)

As his sixth affirmative defense Defendant states: "The Amended Complaint is barred as the Works lack minimal creativity given the substance of the Works and variance between them." [CM/ECF 15]. This affirmative defense should be stricken not only because it is "devoid of any factual support to make it contextually comprehensible," but because it is legally implausible and

---

Feb. 25, 2014) ("[A]n affirmative defense will be held to be sufficient as long as it gives the plaintiff fair notice of the nature of the defense.").

insufficient as a matter of law.  At issue in this case are thirty two of Plaintiff's copyrighted movies, including movies with the titles "Trophy Wife," "Made for Each Other," "Three is the Best Way," "Model Couple on Vacation," "Playing Dress Up," "Zeppelin on Fire," "Arrest Me," "High School Dropouts," "Let Me Take Your Picture," and "Wake Me Up Like This." [CM/ECFM 12].  Defendant's sixth affirmative defense, as undersigned understands it, is that Plaintiff's works are not copyrightable because they "lack minimal creativity," especially "given the substance of the Works and variance between them." [CM/ECF 15].  Respectfully, this affirmative defense should be stricken because it is insufficient as a matter of law in light of the overwhelming case law precedent making clear that "the requisite level of creativity is *extremely low*; *even a slight amount will suffice* [for copyright purposes].  The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be.  Originality does not signify novelty; a work may be copyrightable even though it closely resembles other works." *Feist Publications, Inc. v. Rural Tele. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991); *Darden v. Peters*, 488 F.3d 277, 286 (4th Cir. 2007) (same); *Harvester, Inc. v. Rule Joy Trammell & Rubio, LLC*, 716 F.Supp.2d 428, 435–36 (E.D. Va. 2010) (same).

This case law, coupled with the fact that Plaintiff has already been granted copyrights by the Copyright Office, means that Plaintiff's copyrighted works are presumed sufficiently creative and there is plainly no evidence that Defendant could introduce to discharge his burden of overcoming the presumption and proving insufficient creativity.  *Cf.* 17 U.S.C. § 410(c) (noting that a certificate of copyright registration is *prim facie* evidence that a work is sufficiently creative and validly copyrighted); *M. Kramer Mfg. Co., Inc. v. Andrews*, 783 F.2d 421, 434 (4th Cir. 1986) (explaining that once a copyright is issued, the burden shifts to the non-copyright holder to overcome the presumption of copyright validity).  This affirmative defense must be

7

stricken with prejudice.

### F. Eighth Affirmative Defense (Failure to Mitigate Damages)

Defendant's final affirmative defense is that "[a]ny recovery is limited or barred because Plaintiff failed to mitigate its damages…." [CM/ECF 15]. This affirmative defense must be stricken because it is legally invalid. Under federal copyright law, "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages." 17 U.S.C. § 504(c)(1). Here, Plaintiff has elected to pursue statutory damages exclusively; it has not requested actual damages and profits. [CM/ECF 12]. The law is well established that "[a] copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense." *Purzel Video GmbH v. St Pierre*, 10 F. Supp. 3d 1158, 1169 (D. Colo. 2014); *see also Moothart v. Bell*, 21 F.3d 1499, 1506–07 (10th Cir. 1994); *Clements v. HSBC Auto Fin., Inc.*, 2010 WL 4281697, *11 (S.D. W.Va. 2010) ("[T]he Court finds that there is no genuine issue of material fact as to whether Plaintiffs failed to mitigate their damages as this affirmative defense is not applicable to the imposition of statutory damages."); *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 422 (D. N.J. 2005) (mitigation of damages not appropriate affirmative defense in copyright infringement case where plaintiffs were seeking only statutory damages).

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (i) striking with prejudice Defendant's First, Second, Third, Fifth, Sixth, and Eighth Affirmative Defenses and (ii) granting to Plaintiff any additional and further relief that the Court deems just and equitable under the circumstances.

Dated: December 16, 2014

Respectfully submitted,

By: /s/ *William E. Tabot*

>William E. Tabot, Esquire
>#39488
>Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
>1401 Mercantile Lane #105
>Largo, Maryland 20774
>(301) 341-2580
>*Attorneys for Plaintiff*

### **CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

>By:   /s/ *William E. Tabot*