**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Case No.: 1:14-cv-00700-GBL-JFA |
| | : | |
| ALFRED POPP, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................. 3

ARGUMENT....................................................................................................................... 6

    I.      Standard of Review……………………………………………...………………..…… 6

    II.     Inapplicability of *Twombly* and *Iqbal*…………………………………………… 6

    III.    First Affirmative Defense (Failure to State a Claim)………………….……….. 7

    IV.    Second and Third Affirmative Defenses (Copyright Misuse and Unclean Hands)…. 8

    V.     Fifth Affirmative Defense (Copyright Abandonment)……………………………....10

    VI.    Sixth Affirmative Defense (Copyright Unenforceability)…………………………...11

    VII.   Eight Affirmative Defense (Failure to Mitigate Damages)…………………………12

CONCLUSION....................................................................................................................13

CERTIFICATE OF SERVICE…………………………………………………………..14

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
            556 U.S. 662 (2009)……………………………………………………..……6

*Bayer CropScience AG v. Dow AgroSciences LLC,*
            No. CIV. 10-1045 RMB/JS, 2011 WL 6934557 (D. Del. Dec. 30, 2011)…………....…..10

*Bell Atlantic Co. v. Twombly,*
            550 U.S. 544 (2007)…………………………………………………………....…6, 7

*Capitol Records, Inc. v. Naxos of Am., Inc.,*
            372 F.3d 471, 483–84 (2d Cir.2004)…………………………………………………11

*Darden v. Peters,*
            488 F.3d 277, 286 (4th Cir. 2007)……………………………………………………11

*Davis v. Indiana State Police,*
            541 F.3d 760, 763-764 (7th Cir. 2008)……………………….......……………….……..6

*Feist Publications, Inc. v. Rural Tel. Serv. Co.,*
            499 U.S. 340, 345 (1991)……………………………………………………………11

*Grant v. Bank of Am., N.A.,*
            No. 2:13-CV-342, 2014 WL 792119, at *4 (E.D. Va. Feb. 25, 2014)……………..…7, 11

*In re Gabapentin Patent Litig.,*
            649 F.Supp.2d 340, 349 (D.N.J.2009)…………………………………………..10

*Khadka v. Rajamani,*
            No. 1:08CV1320 (JCC), 2009 WL 910849, at *1 (E.D. Va. Apr. 1, 2009)..……………..6

*Lane v. Page,*
            272 F.R.D. 581, 596 (D. N.M. 2011)………………………………………………..7

*LaSalle Bank Nat'l Assoc v. Paramont Properties,*
            588 F. Supp. 2d 840, 860 (N.D. Ill. 2008)……………………………………..…8

*Lasercomb Am., Inc. v. Reynolds,*
            911 F.2d 970, 978 (4th Cir. 1990)……………….……………………………………9

*Lopez v. Asmar's Mediterranean Food, Inc.,*

No. 1:10CV1218 JCC, 2011 WL 98573, at *2 (E.D. Va. Jan. 10, 2011)……………..….…7

*Malibu Media, LLC v. Does 1*,
      No. CIV.A. 12-2078, 2013 WL 1702549, at *5 (E.D. Pa. Mar. 6, 2013)…………..10, 11, 12

*Malibu Media, LLC v. John Doe*,
      No. 2:13-CV-135-RLM-JEM, 2014 WL 1031336, at *2 (N.D. Ind. Mar. 17, 2014)………13

*Malibu Media, LLC v. Zumbo*,
      No. 2:13-CV-729-JES-DNF, 2014 WL 2742830, at *4 (M.D. Fla. June 17, 2014)………..13

*Melchizedek v. Holt*,
      792 F. Supp. 2d 1042, 1051 (D. Ariz. 2011)………………………………………………10

*Micro Star v. FormGen Inc.*,
      154 F.3d 1107, 1114 (9th Cir.1998)………………………………………………………10

*Motion Picture Patents Co. v. Universal Film Mfg. Co.*,
      243 U.S. 502 (1917)………………………………………………………….…8, 9

*Patrick Collins, Inc. v. John Does 1-21*,
      282 F.R.D. 161, 163 (E.D. Mich. 2012)……………………………………………………8

*Palmer v. Oakland Farms, Inc.*,
      No. 5:10CV00029, 2010 WL 2605179, at *2 (W.D. Va. June 24, 2010)…... ………..……..6

*Senju Pharm. Co., Ltd. v. Apotex, Inc.*,
      2013 WL 444928, at *2 (D.Del. Feb.6, 2013)………………………………………..12

*Thomas M. Gilvert Architects, P.C. v. Accent Builders & Developers, LLC*,
      629 F. Supp. 2d 526, 536–37 (E.D. Va. 2008)……………………………………...…9

**Statutes and Other Authorities**

17 U.S.C. § 512(c)(3)(A)(i-vi)……………………………………………………………9

Fed. R. Civ. P. 12(f)………...……………………………………………...…...…...…..6

Fed. R. Civ. P. 8…………………………………………………………...…..……………7

Fed. R. Civ. P. 84…………………………………………………………………....7, 8

Federal Rules of Civil Procedure's Appendix of Forms, Form 30………………………...7, 8

Xavier Fellmeth, *Copyright Misuse and the Limits of the Intellectual Property Monopoly*,
6 J. Intell. Prop. L. 1, 25 (1998). …………………………………………………………9

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

COMES NOW, the Defendant, ALFRED POPP ("Popp" or "Defendant"), by and through its counsel of record, and hereby submits this Memorandum in Opposition to Plaintiff's Motion to Strike Affirmative Defenses, and states as follows:

### I.    Standard of Review

Rule 12(f) allows a district court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A motion to strike a defense is, however, considered "a drastic remedy which is disfavored by the courts and infrequently granted." *Khadka v. Rajamani*, No. 1:08CV1320 (JCC), 2009 WL 910849, at *1 (E.D. Va. Apr. 1, 2009). "Even where technically appropriate and well-founded, motions to strike defenses as insufficient are often denied in absence of a showing of prejudice to the moving party." *Id*. In reviewing motions to strike defenses, federal courts have traditionally "view[ed] the pleading under attack in a light most favorable to the pleader," and have stricken the defense only when it has "no possible relation to the controversy." *Palmer v. Oakland Farms, Inc.*, No. 5:10CV00029, 2010 WL 2605179, at *2 (W.D. Va. June 24, 2010).

### II.    Inapplicability of *Twombly* and *Iqbal*

As an initial matter, the holdings of *Twombly* and *Iqbal* apply to the pleading requirements of Plaintiff's Complaint under the "short and plain statement" requirement of Federal Rule 8(a)(1), when attacked by a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Co. v. Twombly*, 550 U.S. 544 (2007). These cases, which Plaintiff cites for the proposition of a heightened pleading standard, were both silent as to whether the ruling extended to affirmative defenses.  *See Davis v. Indiana State Police*, 541 F.3d 760, 763-764 (7th Cir. 2008) (noting that *Twombly* did not address affirmative defenses).

6

In raising the pleading standard in *Twombly* and *Iqbal*, the Supreme Court intended to prevent unfounded cases from proceeding to costly discovery. The Supreme Court specifically noted the time and expense of allowing an action to proceed to discovery, and stated that when a plaintiff fails to plead sufficient facts in a Complaint to show a plausible entitlement to relief, "this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558. Conversely, applying a heightened pleading standard to affirmative defenses simply encourages the filing of motions to strike, more motion practice, and delays, as evidenced by Plaintiff's current motion.

The concerns of *Twombly* simply are not implicated by affirmative defenses. *See Lane v. Page*, 272 F.R.D. 581, 596 (D. N.M. 2011) ("[D]eciding whether a complaint survives a motion to dismiss may determine whether discovery will occur at all, whereas an affirmative defense at most affects the scope of discovery."). The Eastern District of Virginia has likewise taken the position that neither *Twombly* nor *Iqbal's* analyses even touch Rule 8(b)(1)(A); both cases begin and end with interpretation of Rule 8(a)(2)'s required showing that the pleader is entitled to relief. *Lopez v. Asmar's Mediterranean Food, Inc., No.* 1:10CV1218 JCC, 2011 WL 98573, at *2 (E.D. Va. Jan. 10, 2011); s*ee also  Grant v. Bank of Am., N.A*., No. 2:13-CV-342, 2014 WL 792119, at *4 (E.D. Va. Feb. 25, 2014) (finding that the Fourth Circuit has not held that the higher pleading standard applies to affirmative defenses). Instead, this Court looks to whether the challenged defenses are contextually comprehensible. *Grant*, No. 2:13-CV-342, 2014 WL 792119, at *4.

## III.   <u>First Affirmative Defense (Failure to State a Claim)</u>

Although "failure to state a claim" may not meet the technical definition of an affirmative defense because it does not raise any matter outside of Plaintiff's complaint, Form 30 (previously Form 20, in slightly different form) of the Federal Rules of Civil Procedure's Appendix of Forms

lists this defense as a model defense. *LaSalle Bank Nat'l Assoc v. Paramont Properties*, 588 F. Supp. 2d 840, 860 (N.D. Ill. 2008). Moreover, Rule 84 specifically authorizes the use of the model defenses contained in the form. *Id*. In light of Rule 84 and Form 30, the court in *LaSalle* concluded that the defense of "failure to state a claim" can be raised as an affirmative defense, even though it is not among the Rule 8(c)'s enumerated affirmative defenses. *Id*.  Simply because "failure to state a claim" is an affirmative defense that can be raised in a Rule 12(b)(6) motion to dismiss, does not exclude its inclusion as an affirmative defense in an answer.

Plaintiff's Amended Complaint only alleges that Defendant uploaded one piece of a digital file, in some instances, which is a small fraction of the file size for any of the copyrighted works allegedly infringed upon. (Amended Compl. ¶¶ 18, 21). Further, as Plaintiff readily admits in Footnote 2 of the Motion to Strike ("MTS"), a person using BitTorrent will not obtain a full copy of the movie from one computer and that it is only *likely* that the user will download the full movie. (MTS, p. 3) (*emphasis added*). Accordingly, at any given moment a user may be simultaneously uploading and downloading only pieces of a digital file through BitTorrent. *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 163 (E.D. Mich. 2012). Consequently, it is reasonably foreseeable that a BitTorrent user may only download a single bit of a full copy of a movie and simultaneously upload that single bit to another user, neither of which constitutes a copy or distribution of copy of any of Plaintiff's movies. As such, Defendant has supplied adequate details under Rule 8 to provide Plaintiff with notice as to how, and in what portion of the Complaint, Plaintiff failed to state a claim upon which relief may be granted.

## IV.   <u>Second and Third Affirmative Defenses (Copyright Misuse and Unclean Hands)</u>

Copyright misuse derives from the equitable doctrine of "unclean hands", which bars a party from obtaining relief when the party has acted improperly, though not necessarily illegally. *See*

*Motion Picture Patents Co. v. Universal Film Mfg. Co.*, 243 U.S. 502 (1917). The misuse of copyright defense applies when the copyright is used "in a manner violative of the public policy embodied in the grant of a copyright." *Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 978 (4th Cir. 1990). In Defendant's affirmative defense of copyright misuse, Defendant has stated that Plaintiff's use of its copyrights violates public policy as Plaintiff appears to seek to obtain its principal revenue through litigation, specifically settlement, rather than through its yearly service fee of $149.95[1], which allows users to download one (1) copy of all available videos. Further, Plaintiff opted to pursue such settlement rather than send notice to the online service provider hosting the hash files under 17 U.S.C. § 512(c)(3)(A)(i-vi) in order to purge access to the infringed work. Essentially, Defendant has asserted that Plaintiff engaged in abusive conduct by attempting to extract exorbitant sums from individuals for alleged copyright infringement, while it offers its product for an incomparable fee and fails to police alleged infringements so that it can instead collect these exorbitant sums.

Copyright misuse is an evolving common law doctrine that is not limited to antitrust or anti-completive behavior. Inequitable conduct on the part of the copyright holder need only offend the public policy behind the copyright system to trigger the defense. Xavier Fellmeth, *Copyright Misuse and the Limits of the Intellectual Property Monopoly*, 6 J. Intell. Prop. L. 1, 25 (1998). In light of this violation of public policy, Defendant maintains that Plaintiff has unclean hands. Thus, Defendant's affirmative defenses of copyright misuse and unclean hands are comprehensible and adequately provide Plaintiff with fair notice of the nature of the defenses. Plaintiff's reliance upon *Thomas M. Gilvert Architects, P.C. v. Accent Builders & Developers, LLC*, 629 F. Supp. 2d 526, 536–37 (E.D. Va. 2008) for the proposition that Defendant's affirmative defense is inadequate is

---

[1] https://bill.ccbill.com/jpost/billingCascade.cgi?clientAccnum=928532&clientSubacc=0001&cascadeId=13803

misplaced, as the *Thomas* court addressed the sufficiency of the defense on summary judgment. *See also Malibu Media, LLC v. Does 1*, No. CIV.A. 12-2078, 2013 WL 1702549, at *5 (E.D. Pa. Mar. 6, 2013) (denying Malibu Media's motion to strike finding that while not detailed or specific in its pleading, pleading misuse of copyright as an affirmative defense is sufficient to put Malibu on notice of the issue to be raised at trial and uncleans to be an equitable defense that forecloses or limits a plaintiff's ability to recover from an injury due to its own misconduct); *Bayer CropScience AG v. Dow AgroSciences LLC*, No. CIV. 10-1045 RMB/JS, 2011 WL 6934557 at *4 (D. Del. Dec. 30, 2011) (denying a motion to strike a patent misuse defense where the defendant simply "alleged that [plaintiff] was enforcing a patent it knew was invalid, unenforceable, and/or not infringed"); *In re Gabapentin Patent Litig.*, 649 F.Supp.2d 340, 349 (D.N.J. 2009) (holding a patent misuse affirmative defense requires "only allegations of conduct that had the effect of impermissibly extending the limited protection from competition afforded by the ... patent").

## V.   Fifth Affirmative Defense (Copyright Abandonment)

An affirmative defense raises matters outside of a plaintiff's complaint, which defeats or mitigates the legal consequences of the defendant's otherwise unlawful conduct. In the present case, Defendant has asserted that Plaintiff should be barred from recovery, as Plaintiff failed to send a notice under 17 U.S.C. § 512(c)(3)(A)(i-vi) to the online service provider hosting the hash files identified under Exhibit B of the Amended Complaint[2]. The Ninth Circuit has stated that a copyright owner can abandon some rights without abandoning all rights. *Melchizedek v. Holt*, 792 F. Supp. 2d 1042, 1051 (D. Ariz. 2011); s*ee also Micro Star v. FormGen Inc.*, 154 F.3d 1107, 1114 (9th Cir.1998) (finding that because FormGen overtly encouraged players to make and freely distribute new levels, FormGen may indeed have abandoned its exclusive right to do the same). An

---

[2] Mainstream copyright owners now send takedown notices for more than 6.5 million infringing files, on over 30,000 sites, each month. http://cpip.gmu.edu/2013/12/05/the-failure-of-the-dmca-notice-and-takedown-system-2/

affirmative defense need only be pleaded in general terms and will be held to be sufficient as long as it gives the plaintiff fair notice of the nature of the defense. *Grant v. Bank of Am.*, N.A., No. 2:13-CV-342, 2014 WL 792119, at *3 (E.D. Va. Feb. 25, 2014). Accordingly, Defendant has provided sufficient notice of the nature of this defense. Whether Plaintiff's conduct evidenced an intent to abandon its copyrights is a question of fact to be determined at a later phase of this litigation. *Malibu Media, LLC*, No. CIV.A. 12-2078, 2013 WL 1702549, at *6 (denying Malibu Media's motion to strike copyright abandonment as an affirmative defense). S*ee cf. Capitol Records, Inc. v. Naxos of Am., Inc.*, 372 F.3d 471, 483–84 (2d Cir.2004) (denying a motion for summary judgment on an abandonment claim because it was "a factual issue that require[d] further exploration").

## VI.   Sixth Affirmative Defense (Copyright Unenforceability)

A work must be original to be copyrightable; indeed, the "sine qua non of copyright is originality." *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 345 (1991). To be "original," the work in question must have been "independently created by the author (as opposed to copied from other works)," and it must "possess[ ] at least some minimal degree of creativity." *Darden v. Peters*, 488 F.3d 277, 286 (4th Cir. 2007). The threshold level of creativity required for copyrightability is low such that the "vast majority of works make the grade quite easily, as they possess some creative spark." *Id*. Nevertheless, "[t]here remains a narrow category of works in which the creative spark is utterly lacking or so trivial as to be virtually nonexistent." *Id*. 37 C.F.R. § 202.1 provides a list of some examples, which are notably not exhaustive.

Defendant has asserted that "the Amended Complaint is barred as the Works lack minimal creativity given the substance of the Works and variance between them." Although the requisite level of creativity is low, Defendant maintains that due to the subject and lack of variance of these products, the creative spark is utterly lacking or so trivial as to be virtually nonexistent. Thus, the

minimum creativity required for copyright protection is not present and the copyrights in Plaintiff's

Works are unenforceable. While it is not surprising Plaintiff would disagree with this position,

Defendant has provided adequate notice of the nature of the defense. An affirmative defense must

only provide the opponent fair notice of the issue involved. *Malibu Media, LLC*, No. CIV.A. 12-

2078, 2013 WL 1702549, at *4 (denying Malibu Media's motion to strike as Defendant raised the

invalidity defense stating, "[p]laintiff's copyrights are invalid and/or unenforceable"). *See also Senju

Pharm. Co., Ltd. v. Apotex, Inc.*, 2013 WL 444928, at *2 (D.Del. Feb.6, 2013) (denying a motion to

strike an affirmative defense which stated plaintiffs' patents were "invalid for failure to comply with

one or more of the provisions of Title 35 of the United States Code, including, but not limited to

Sections 101, 102, 103 and/or 112").

## VII.    <u>Eight Affirmative Defense (Failure to Mitigate Damages)</u>

Plaintiff failed to send a notice under 17 U.S.C. § 512(c)(3)(A)(i-vi) to the online service

provider hosting the hash files identified under Exhibit B of the Amended Complaint. As previously

noted, mainstream copyright owners now send takedown notices for more than 6.5 million

infringing files, on over 30,000 sites, each month.  The very purpose of such notices is to purge

infringed upon work from websites permitting their download so that copyright holders can prevent

infringement, and thereby limit their damages.  Inexplicably, Plaintiff failed to send this notice, or

take any steps whatsoever to mitigate damages. To the undersigned's knowledge, there is no Fourth

Circuit case law directing the invalidation of a failure to mitigate defense due to the election of

statutory damages.

Moreover, Plaintiff's statement that "[t]he law is well established that "[a] copyright

plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense" is

misguided at best. In *Malibu Media, LLC v. Julien*, the court explained that because it has broad

discretion in determining how to award statutory damages and may consider actual damages as a factor in making that determination, a failure to mitigate damages may remain relevant, particularly because one purpose of statutory damages is to approximate actual damages that are difficult to prove. *Malibu Media, LLC v. Julien*, No. 1:12–cv–01730–TWP–MJD, 2013 WL 5274262, at \*2 (S.D.Ind. Sept.17, 2013) (citing *F.E.L. Publ'ns Ltd. v. Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir.1985); *see also Malibu Media, LLC v. John Doe* No. 2:13-CV-135-RLM-JEM, 2014 WL 1031336, at \*2 (N.D. Ind. Mar. 17, 2014) (denying Malibu Media's motion to strike failure to mitigate damages as an affirmative defense finding that the defense presents a substantial question of law and that the Court could not say with any "certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense."); *Malibu Media, LLC*, No. CIV.A. 12-2078, 2013 WL 1702549, at \*8 (denying Malibu Media's motion to strike, holding that failure to mitigate damages is an equitable defense that forecloses or limits a plaintiff's ability to recover from an injury due to its own misconduct); *Malibu Media, LLC v. Zumbo*, No. 2:13-CV-729-JES-DNF, 2014 WL 2742830, at \*4 (M.D. Fla. June 17, 2014) (denying Malibu Media's motion to strike as defendant has sufficiently alleged that [p]laintiff has purposefully avoided taking sufficient steps to protect their copyrighted material because it is more profitable to allow their subscribers to distribute content and seek judgments and/or settlements from the subscribers). Plaintiff is unmistakably on notice of these defenses.

## VIII.   <u>Conclusion</u>

In sum, Defendant's affirmative defenses are comprehensible and adequately provide Plaintiff with fair notice of the nature of the defenses. Further, Plaintiff has failed to show that Defendant's affirmative defenses have resulted in prejudice to Plaintiff. As clearly noted above, similar Courts have denied this same Plaintiff's motions to strike similar affirmative defenses.  In

light of these precedents, it is clear that Plaintiff, as a matter of practice, has submitted this Motion to Strike as a means to impose costly and unwarranted litigation expenses upon Defendant in order to induce settlement. As such, the Motion to Strike should be denied and attorney's fees should be awarded to Defendant.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Motion to Strike, award actual attorney's fees, and grant any additional and further relief that the Court deems just and equitable under the circumstances.

Respectfully submitted,

By Counsel:

McClanahan Powers, PLLC

  /s/ Dirk McClanahan            .
Dirk McClanahan, Esq.
McClanahan Powers, PLLC
VA Bar No. 81208
1604 Spring Hill Rd., Ste. 321
Vienna, VA 22182
Phone: (703) 520-1326
Fax: (703) 828-0205
Email: dmcclanahan@mcplegal.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ Dirk McClanahan          .
Dirk McClanahan