IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:14-cv-00700-GBL-JFA |
| ALFRED POPP, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Malibu Media, LLC's Motion to Strike Affirmative Defenses. This case arises from Plaintiff's allegations of copyright infringement against Defendant Popp, based on an investigation into Defendant's BitTorrent activity. The issue before the Court is whether the Court should strike Defendant's affirmative defenses of: (1) failure to state a claim; (2) copyright misuse; (3) unclean hands; (4) copyright abandonment; (5) unenforceability of copyright; and (6) failure to mitigate damages under Federal Rule of Civil Procedure 12(f). The Court GRANTS Plaintiff's motion IN PART and DENIES the motion IN PART.

### I. BACKGROUND

Plaintiff Malibu Media, LLC ("Malibu Media") brings this copyright infringement suit against Defendant Alfred Popp. Plaintiff alleges that Popp infringed Malibu Media's copyrighted works. (Doc 1, ¶ 2) Plaintiff alleges that Defendant used the BitTorrent file distribution network ("BitTorrent") to infringe on Plaintiff's copyrighted movies. (*Id.* ¶ 41) The Complaint alleges the following.

BitTorrent is one of the most common peer-to-peer file sharing systems used for

1

distributing large amounts of data, including, but not limited to, digital movie files. (*Id.* ¶ 10) BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network. (*Id.* ¶ 11) Because users can interact directly with each other, BitTorrent avoids the need for intermediary host websites that are subject to Digital Millennium Copyright Act take down notices and potential regulatory enforcement actions. (*Id.*) BitTorrent protocol breaks a file into many small pieces, or bits, that users then exchange among each other instead of attempting to distribute one much larger digital file. (*Id.* ¶ 12) Each bit has a unique cryptographic hash value, and acts as a unique digital fingerprint with one single possible cryptographic hash value correlating to it. (*Id.* ¶ 14, 15) Once a user receives all of the bits for a certain file, the BitTorrent software reassembles the bits so that they can be opened. (*Id.* ¶ 13) The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). (*Id.* ¶ 16) Once users complete downloading all bits which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate. (*Id.*)

Plaintiff's investigator, IPP International UG's ("IPP"), investigation led Plaintiff to allege that Defendant downloaded, copied, and distributed a complete copy of Plaintiff's copyrighted movies. (*Id.* ¶ 19) IPP established a direct TCP/IP connection with Defendant's IP address set forth in Exhibit A. (*Id.* ¶ 17) IPP downloaded from Defendant one or more bits of each of the digital movie files identified by the file hashes in Exhibit A. (*Id.* ¶ 18) Each of the cryptographic file hashes set forth in Exhibit A correlates to a copyrighted movie owned by Plaintiff as identified in Exhibit B. (*Id.* ¶ 20) IPP then verified that the digital media file correlating to each file hash listed in Exhibit A contained a copy of a movie which is identical (or

alternatively, strikingly similar or substantially similar) to the movie associated with that file hash in Exhibit B. (*Id.* ¶ 21) At no time did IPP upload Plaintiff's copyrighted content to any other BitTorrent user. (*Id.*) An overview of the copyrights-in-suit, including each hit date, date of first publication, registration date, and registration number issued by the United States Copyright Office is set forth in Exhibit B. (*Id.* ¶ 23)

Defendant's wife was the Internet subscriber assigned IP address 24.126.58.61 on April 14, 2014—the date of the alleged offense. (*Id.* ¶ 24) However, Plaintiff alleges that the discovery will prove that Defendant is the infringer, and not Defendant's wife. (*Id.* ¶ 25) According to Plaintiff, IPP's software logged Defendant's IP address being used to distribute third party files through BitTorrent. (*Id.* ¶ 28) Plaintiff claims that Defendant engaged in BitTorrent transactions associated with 904 files between December 25, 2012 and May 15, 2014. (*Id.*) Contrastingly, Defendant claims that he did not even have an IP address supplied by his current Internet service provider until October 2013, at the earliest. (Doc 2, ¶ 28) Plaintiff further alleges that Defendant is an avid BitTorrent user. (Doc 1, ¶ 30)

## II. PROCEDURAL HISTORY

Plaintiff commenced this copyright infringement action on June 23, 2014. On October 21, 2014, Plaintiff filed an amended complaint alleging that Defendant copied and distributed thirty two (32) of Plaintiff's copyrighted works, all without Plaintiff's consent. (Doc. 1) Plaintiff asserts a claim for direct copyright infringement and requests that: (i) Defendant delete and permanently remove all infringing content, (ii) be permanently enjoined from continuing to infringe Plaintiff's copyrighted works, (iii) Plaintiff be awarded statutory damages, and (iv) reasonable attorneys' fees and costs pursuant to 17 U.S.C. §§ 504–05. (Doc. 1) On November 25, 2014, Defendant filed his answer generally disclaiming knowledge regarding the majority of

Plaintiff's allegations and asserting eight (8) affirmative defenses. (Doc. 2) The affirmative defenses include: (1) failure to state a claim; (2) copyright misuse; (3) unclean hands; (4) insufficient similarity; (5) copyright abandonment; (6) unenforceability of copyright; (7) estoppel; and (8) failure to mitigate damages. (Doc. 2) On December 16, 2014, Plaintiff filed a Motion to Strike Affirmative Defenses, moving to strike six of Defendant's eight affirmative defenses: failure to state a claim; copyright misuse; unclean hands; copyright abandonment; unenforceability of copyright; and failure to mitigate damages. (Doc. 3) On December 30, 2014, Defendant filed an Opposition to Plaintiff's Motion to Strike. (Doc. 4) Plaintiffs Motion to Strike Affirmative Defenses is now properly before the court.

### III. STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil procedure allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," by its own choice or in response to a motion from one of the parties. Fed. R. Civ. P. 12(f). However, courts usually disfavor such action, finding it to be a "drastic remedy" often used as a tactic by the movant to delay proceedings. *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). In reviewing a motion to strike, a court must "view the pleading under attack in a light most favorable to the pleader." *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 232 (E.D.N.C. 2010) (quoting *Clark v. Milam*, 152 F.R.D. 66, 71 (S.D.W. Va. 1993)). Courts usually strike defenses "when they have 'no possible relation to the controversy.'" *Lopez v. Asmar's Mediterranean Food, Inc.*, No. 1:10-CV-1218 (JCC), 2011 WL 98573, at *1 (E.D. Va. Jan. 10, 2011) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). "When a court strikes a defense, the general practice is to grant the defendant leave to amend." *Banks v. Realty Mgmt. Serv., Inc.*, No. 1:10-CV-14,

4

2010 WL 420037, at *1 (E.D. Va. Jan. 29, 2010) (citing 5 Charles Alan Wright & Arthur R. Miller § 1381 (3d ed. 2004)).

Federal Rule of Civil Procedure 8(b)(1)(A), governing affirmative defenses, requires that a responding party "state in short and plain terms its defenses to each claim asserted against it." "An affirmative defense may be plead in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) (quoting 5 Charles Allan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1274, at 455-56 (2d ed. 1990)). Since the Supreme Court's decisions in *Twombly* and *Iqbal*, the Fourth Circuit has not ruled on whether the heightened pleading standard applies to pleading an affirmative defense. *Francisco v. Verizon South, Inc.*, No. 3:09-CV-737, 2010 WL 2990159, at *6 (E.D. Va. July 29, 2010) Although district courts are split on this issue, this Court concludes that the *Twombly* and *Iqbal* standards do not apply when pleading affirmative defenses. *Lopez*, 2011 WL 98573, at *1; *Grant v. Bank of Am., N.A.*, No. 2:13-CV-342, 2014 WL 792119, at *4 (E.D. Va. Feb. 25, 2014). *But see Francisco*, 2010 WL 2990159, at *8. The Court agrees with *Lopez* in that *Twombly* and *Iqbal's* silence as to its application to affirmative defenses requires the plain language of Federal Rule 8 govern.

### IV. ANALYSIS

#### A. Failure to State a Claim

The Court strikes the first affirmative defense of failure to state a claim upon which relief can be granted. The Court concludes that failure to state a claim is not an acceptable affirmative defense because it has not been recognized as an affirmative defense. *Odyssey Imaging, LLC v. Cardiology Assocs. Of Johnston, LLC*, 752 F. Supp. 2d 721, 727 (W.D. Va. 2010) (stating that failure to state a claim is not an affirmative defense at all); *Cheney v. Vitro Am., Inc.*, 2010 WL

512581, *1 (W.D. Va. 2010) (stating that failure to state a claim is not an affirmative defense, but rather a basis upon which to file a motion to dismiss). Pursuant to Rule 12(f), a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Haley Paint Co. v. E.I Dupont de Nemours & Co.*, 279 F.R.D. 331, 335 (D. Md. 2012) (citing *Hanzick v. Birach*, No. 09-CV-221, 2009 WL 2147845, at *3 (E.D. Va. July 14, 2009)).

The Court finds that this defense is improperly plead because failure to state a claim is not an affirmative defense. Failure to state a claim is not listed as an affirmative defense under Rule 12(c), but instead is the basis of Rule 12(b)(6). Here, Popp asserts that Plaintiff's third party agent downloaded only one bit of a digital file, which is a small fraction of the file size for any of the copyrighted works allegedly infringed upon in the Amended Complaint. Essentially, Defendant's affirmative defense repeats Plaintiff's allegations and does not actually support a finding that Plaintiff insufficiently alleged a cause of action for direct copyright infringement. Accordingly, because the failure to state a claim is not an affirmative defense, the Court grants Plaintiff's motion to strike. The Court does not grant leave to amend.

### B. Copyright Misuse

The Court grants Plaintiff's Motion to Strike the copyright misuse affirmative defense because, although Defendant asserts its defense in a short and plain statement, the defense fails as a matter of law.

As provided by Rule 12(f), a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Haley Paint Co.*, 279 F.R.D. at 335 (citing *Hanzick*, 2009 WL 2147845, at *3). As discussed above, affirmative defenses are not required to meet the heightened pleading standards

of *Twombly* and *Iqbal*. Defendant is only required to assert its affirmative defense in a short and plain statement in order to give Plaintiff fair notice of the affirmative defenses. However, a court may strike a defense that is clearly insufficient as a matter of law. Fed. R. Civ. P. 12 (f); *Haley Paint Co.*, 279 F.R.D. at 335.

The Court holds that the copyright misuse affirmative defense is insufficient as a matter of law because Defendant fails to allege that Plaintiff engaged in any action to secure exclusive right to discourage competition. The copyright misuse defense applies when a copyright "unduly restrains competition" and when a copyright owner has "engaged in some form of anti-competitive behavior." *Thomas M. Gilvert Architects, P.C., v. Accent Builders & Developers, LLC*, 629 F. Supp. 2d 526, 536-37 (E.D. Va. 2008). Courts have rejected the copyright misuse defense in cases where the copyright owner did not prohibit its licensees from either using or independently developing a competing product. *See Service & Training, Inc. v. Data General Corp.*, 963 F.2d 680, 690 (4th Cir. 1992). Here, Defendant Popp has not stated a sufficient affirmative defense under the doctrine of copyright misuse because he has not alleged that Plaintiff has engaged in any anti-competitive behavior or otherwise tried to secure exclusive rights not authorized by the copyright office. Defendant alleges that Malibu Media's use of its copyrights violate public policy by seeking principal revenue through litigation rather than through its monthly service fee which allows users to download one copy of any video. Plaintiffs argue that Defendant is alleging copyright misuse based on Defendant's opinion that the service fee is too expensive. The Court rejects Defendant's argument. A defendant may not infringe on a copyright because it finds the owner's price too expensive or because it expects litigation to be cheap. *Thomas M. Gilvert Architects*, 629 F. Supp. 2d at 536-37. Therefore, Defendant's affirmative defense of copyright misuse will be stricken because Defendant failed to

allege facts showing that Malibu used its copyrights to prohibit independent development or use of a competing product. Accordingly, the Court grants Plaintiff's motion to strike.

### C. Unclean Hands

The Court grants Plaintiff's Motion to Strike Defendant's unclean hands affirmative defense because Plaintiff cannot have unclean hands if Defendant did not sufficiently plead copyright misuse. Thus, the unclean hands affirmative defense is insufficient as a matter of law as well.

A court may strike a defense that is clearly insufficient as a matter of law. Fed. R. Civ. P. 12 (f); *Haley Paint Co.*, 279 F.R.D. at 335. Here, the doctrine of unclean hands relies on the copyright misuse affirmative defense. Accordingly, because the copyright misuse defense is insufficient as a matter of law, it follows that the unclean hands affirmative defense is also insufficient. Therefore, the Court grants Plaintiff's motion to strike Defendant's affirmative defense of unclean hands.

### D. Copyright Abandonment

The Court denies Plaintiff's Motion to Strike Defendant's copyright abandonment affirmative defense because Defendant is not required to plead factual content to support its affirmative defense.

Defendant is only required to assert its affirmative defense in a short and plain statement to give Plaintiff fair notice of the affirmative defense. A Court must find that "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed" before granting a motion to strike. *Clark v. Milam,* 152 F.R.D. 66, 70 (S.D.W.Va.1993).

The Court holds that copyright abandonment is sufficiently pled because the defense results in a question of fact and is legally plausible. Defendant asserts that Plaintiff abandoned its copyright by failing to send notice under 17 U.S.C. §512(c)(3)(A)(i-vi) to the online service provider hosting the hash files identified in Exhibit B of the Amended Complaint. Defendant Popp did not provide any further details or evidence in support of this claim. However, Defendant is only required to provide a short and plain statement of its copyright abandonment defense to provide Plaintiff with fair notice of the defense. Plaintiff argues that Defendant's copyright abandonment defense is not viable because copyright infringement "must be manifested by some overt act indicative of a purpose to surrender the right and allow the public to copy." *McIntosh v. Northern California Universal Enters. Co.*, 670 F. Supp. 2d 1069, 1099 (E.D. Cal. 2009) (citing *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960)). Nevertheless, whether Plaintiff's conduct was evidence of its intent to abandon its copyrights is a question of fact. *Malibu Media, LLC v. Does 1*, No. 12-CV-2078, 2013 WL 1702549, at *5 (E.D. Pa. Mar. 6, 2013) (denying Malibu Media's motion to strike copyright abandonment as an affirmative defense). Plaintiff has sufficiently pled copyright abandonment.

### E. Copyright Unenforceability

The Court denies Plaintiff's Motion to Strike Defendant's copyright unenforceability affirmative defense because Defendant is not required to plead factual content to support its affirmative defense.

Defendant asserts that Plaintiff is barred from recovering damages because the works lack minimal creativity given the substance of the works and the variance between them. Defendant is only required to provide a short and plain statement of its copyright unenforceability defense to provide Plaintiff with fair notice of the facts supporting the defense.

Contrarily, Plaintiff argues that this defense is insufficient as a matter of law because case law establishes that "the requisite level of creativity is extremely low; even a slight amount will suffice." *Feist Publications, Inc. v. Rural Tele. Serv. Co. Inc.*, 499 U.S. 340, 345 (1991); *Darden v. Peters*, 488 F.3d 277, 286 (4th Cir. 2007); *Harvester, Inc. v. Rule Joy Trammell & Rubio, LLC*, 716 F. Supp. 2d 428, 435-36 (E.D. Va. 2010). Further, Plaintiff argues that its copyrighted works are sufficient because it was granted copyrights from the copyright office. *See* 17 U.S.C. §410 (c) (noting that a certificate of copyright registration is prima facie evidence that a work is sufficiently creative and validly copyrighted); *M. Kramer Mfg. Co., Inc. v. Andrews*, 783 F.2d 421, 434 (4th Cir. 1986). However, whether Plaintiff's works are creative enough to meet the necessary standard is a question of fact. Here Defendant's affirmative defense is sufficiently pled. Accordingly, the Court denies Plaintiff's motion to strike.

### F. Failure to Mitigate Damages

The Court grants Plaintiff's Motion to Strike Defendant's affirmative defense of failure to mitigate damages because the defense is redundant.

Pursuant to Rule 12(f), a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Haley Paint Co.*, 279 F.R.D. at 335 (citing *Hanzick*, 2009 WL 2147845, at *3). "'Redundant' matter consists of allegations that constitute a needless repetition of other averments in the pleading." *Marceaux v. Lafayette Consol. Gov't*, No. 6:12-cv-01532, 2012 WL 5197667, at *1 (W.D. La. Oct. 18, 2012) (citing Wright & Miller, 5C Fed. Prac. & Proc. 3D § 1382).

The Court holds that the failure to mitigate damages affirmative defense is redundant because it hinges on sending notice under 17 U.S.C. §512(c)(3)(A)(i-vi), much like Defendant's copyright abandonment defense. Defendant asserts that Plaintiff failed to mitigate damages by

10

failing to send notice under 17 U.S.C. §512(c)(3)(A)(i-vi) to the online service provider hosting the hash files identified in Exhibit B of the Amended Complaint. This defense involves the same issue as the copyright abandonment defense, and is therefore redundant by repeating other averments in the pleadings. Although the Fourth Circuit has cautioned that striking affirmative defenses is a drastic remedy, the Court holds that the remedy is less drastic when Defendant retains its defense through another affirmative defense. Therefore, the Court grants Plaintiff's motion to strike Defendant's failure to mitigate damages affirmative defense.

## V. CONCLUSION

The Court GRANTS Plaintiff's Motion to Strike IN PART and DENIES the Motion to Strike IN PART. The Court grants Plaintiff's Motion to Strike for failure to state a claim, copyright misuse, unclean hands, and failure to mitigate damages. The Court holds that failure to state a claim is not an affirmative defense. Copyright misuse is an insufficient affirmative defense as a matter of law. The unclean hands defense is also an insufficient affirmative defense because it relies on the insufficient affirmative defense of copyright misuse. Failure to mitigate damages is an insufficient affirmative defense because it is redundant. The Court denies the motion to strike as to the copyright abandonment and copyright unenforceability affirmative defense because both of these defenses have questions of fact to be decided at trial.

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion to Strike Affirmative Defense be GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

ENTERED this 13th day of March, 2015.

Alexandria, Virginia
3/13/2015

/s/
Gerald Bruce Lee
United States District Judge